# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-13-069-RAW |
| DAVID BRIAN MAGNAN, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the court is the motion of the defendant to dismiss for violation of statute of limitations. Defendant is charged with three counts of murder in Indian Country. The indictment alleges the offenses to have taken place in March, 2004. The indictment was filed August 14, 2013.[1]

Title 18 U.S.C. §3281 provides that "any offense punishable by death" may be prosecuted "at any time without limitation," while §3282(a) imposes a 5-year period of limitations for all other offenses "[e]xcept as otherwise expressly provided by law." Title 18 U.S.C. §3598 provides that "no person subject to the criminal jurisdiction of an Indian tribal government shall be subject to a capital sentence . . . unless the governing body of the tribe has elected that [the Federal Death Penalty Act] have effect over land and persons subject to its criminal jurisdiction." The parties do not dispute that the offenses are alleged to have

---

[1]The case was originally pursued in state court. In the appeal of the §2254 proceeding, the Tenth Circuit found the State of Oklahoma lacked jurisdiction. *See Magnan v. Trammell,* 719 F.3d 1159 (10th Cir.2013). A federal prosecution was then commenced.

occurred on land associated with the Seminole Tribe, which has not agreed to application of the death penalty in its territory.[2]

Therefore, defendant argues straightforwardly, these offenses are not "punishable by death" and the general 5-year statute of limitations should apply. As the offenses allegedly took place in 2004, the court should dismiss the charges. The motion is well argued, but will be denied based on existing authority. Addressing the issue directly in *United States v. Martinez,* 505 F.Supp.2d 1024, 1031-1032 (D.N.M.2007), the district court distinguished "capital sentence" from "capital offense" to conclude that an offense "punishable by death" is capital for statute-of-limitations purposes despite the law prohibiting enforcement of the death penalty in Indian Country. Other decisions hold that offenses "punishable by death" are still considered "capital crimes" for statute-of-limitations purposes, even if the death penalty is unenforceable. *See United States v. Ealy,* 363 F.3d 292, 296-97 (4th Cir. 2004); *United States v. Gallaher,* 624 F.3d 934, 940 (9th Cir.2010). Moreover, offenses "punishable by death" are also considered "capital offenses" for purposes of applying other statutes tied to the serious nature of capital crimes, even if the death penalty is unavailable. *See, e.g., United States v. Kennedy,* 618 F.2d 557, 559 (9th Cir.1980)(upholding the applicability of 18 U.S.C. §3148, which allows a court to deny bail in capital cases if the defendant poses a danger to others because "[t]he reasons for allowing a court to consider the dangerousness of the defendant exist regardless of whether the death penalty can be imposed.")

---

[2]Defendant asserts that only the Sac and Fox Tribe has so agreed.

It is the order of the court that the motion of the defendant to dismiss (#55) is hereby DENIED.

**ORDERED THIS 21st DAY OF APRIL, 2014.**

**Dated this 21st day of April, 2014.**

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma

3