# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CR-13-069-RAW |
| DAVID BRIAN MAGNAN, | ) |
| Defendant. | ) |

## ORDER

Before the court is the motion of the defendant to dismiss for violation of a constitutional right to a speedy trial. Defendant is charged with three counts of murder in Indian Country. The indictment alleges the offenses to have taken place in March, 2004. The indictment was filed August 14, 2013.[1] Defendant argues for dismissal, pursuant to Rule 48(b) F.R.Cr.P., for violation of his Sixth Amendment right to a speedy trial and his Fifth Amendment right to due process of law.

The motion will be denied. As the government notes in response, pre-indictment delay does not implicate the Sixth Amendment. *See United States v. Mitchell,* 2014 WL 1151455 at *2 (10th Cir.2014). As for the Fifth Amendment, pre-indictment delay is not a violation of the Due Process Clause unless the defendant shows both that the delay caused

---

[1] The case was originally pursued in state court. In the appeal of the §2254 proceeding, the Tenth Circuit found the State of Oklahoma lacked jurisdiction. *See Magnan v. Trammell,* 719 F.3d 1159 (10th Cir.2013). A federal prosecution was then commenced.

actual prejudice and that the government delayed purposefully in order to gain a tactical advantage. *United States v. Madden,* 682 F.3d 920, 929 (10th Cir.2012)(citation omitted).[2]

In the court's view, defendant has failed to prove either prong. While the delay may result in dimming memories and loss of evidence, this is a risk both parties share. Defendant attributes the delay to "the United States not understanding its own alleged jurisdiction over the property where the homicides occurred." As the government notes in response, a previous ruling by a district court had concluded the United States did <u>not</u> have jurisdiction over the property in question. There may have been "misunderstanding" all around, and this court declines to attribute it all to the federal prosecutors. Also, the defendant pled guilty in state court, waived any direct appeal and asked to be sentenced to death. *Magnan,* 719 F.3d at 1161. He ultimately did file an appeal on the non-waivable issue of jurisdiction. This court merely notes that defendant did not vigorously contest some of the delay which has taken place.

It is the order of the court that the motion of the defendant to dismiss (#57) is hereby DENIED.

**ORDERED THIS 21st DAY OF APRIL, 2014.**

**Dated this 21st day of April, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[2] "Mere passage of time per se does not give rise to a constitutional violation." *United States v. Doe,* 642 F.2d 1206, 1208 (10th Cir.1981); *United States v. Seale,* 600 F.3d 473, 479 (5th Cir.2010)(forty years).