# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CR-13-069-RAW |
| DAVID BRIAN MAGNAN, | ) |
| Defendant. | ) |

## ORDER

This matter came on for pretrial conference on April 22, 2014. The court hereby memorializes its rulings.[1] Defendant is charged with three counts of murder in Indian Country. Defendant's first three motions in limine (##41-43) seek prohibition of evidence related to statements by victim Lucilla McGirt.[2] In *Crawford v. Washington,* 541 U.S. 36 (2004), the Supreme Court held that the Sixth Amendment precluded the admission of out-of-court statements that are testimonial, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness.[3]

---

[1] On April 23, 2014, the government filed a notice of appeal (#77), pursuant to 18 U.S.C. §3731, as to this court's oral ruling regarding the defendant's fifth motion in limine (#45). Filing of a timely notice of appeal under §3731 divests the trial court of jurisdiction and confers jurisdiction on the court of appeals. *United States v. Todd,* 446 F.3d 1062, 1069 (10th Cir.2006). The district court, however, retains limited jurisdiction to take actions such as issuance of an opinion that memorializes an oral ruling made days before. *See United States v. Sims,* 708 F.3d 832, 834 (6th Cir.2013).

[2] McGirt survived approximately two weeks after being shot. *See Magnan v. Trammell,* 719 F.3d 1159, 1161 (10th Cir.2013).

[3] "[O]nly *testimonial* statements are excluded by the Confrontation Clause." *Giles v. California,* 554 U.S. 353, 376 (2008). Non-testimonial statements are "excluded, if at all, only by hearsay rules." *Id.* The motions at issue do not turn on the precise definition of "testimonial," but this court notes that the Tenth Circuit has "posited two possible definitions." *See United States v. Clark,* 717 F.3d 790, 816 (10th Cir.2013).

The first motion deals with a hospital interview of McGirt by an OSBI agent. According to the motion, McGirt told the agent (*inter alia*) that "Dave Montana" (her occasional name for defendant) shot her. The government concedes that this statement is testimonial under *Crawford*. This does not, however, end the inquiry. The government argues that the statement is nevertheless admissible as a "dying declaration" (Rule 804(b)(2) F.R.Evid.) or under the "forfeiture by wrongdoing" doctrine (Rule 804(b)(6) F.R.Evid.). "[T]he Supreme Court has refrained from ruling on the status of dying declarations under the Confrontation Clause." *Walker v. Harry,* 462 Fed.Appx. 543, 545 (6th Cir.2012). The Court has "hinted that dying declarations may fall within an exception to the constitutional bar against testimonial hearsay." *Id.* Even if this court rules the exception applicable, it is not clear that the government can lay the proper foundation. Accordingly, the court overruled the motion pending trial and the prosecutor was instructed that the foundation be laid and defense counsel be given an opportunity to object before the substantive questions are asked.

As to the government's second argument, the Supreme Court has "made clear that a defendant's confrontation rights are subject to the forfeiture-by-wrongdoing exception, a common law doctrine that allows the introduction of unconfronted testimonial statements 'where the defendant ha[s] engaged in wrongful conduct designed to prevent a witness's testimony.'" *United States v. Jackson,* 706 F.3d 264, 267 (4th Cir.2013)(citation omitted). "Such 'wrongful conduct' includes but is not limited to murdering a witness." *Id.*

2

Once again, for the testimony to be admissible under this exception, the government must lay a foundation that the shooting of McGirt was, at least in part, designed to prevent her from being a witness at trial. The court made the same ruling as above, overruling the motion in limine pending trial. The government must lay the foundation and give defense counsel an opportunity to object before asking the substantive questions.

As to defendant's second motion in limine, McGirt evidently made similar statements in the hospital to her sister, Carolyn West.[4] At a later time, West repeated the statements to an OSBI agent. Defendant appears to concede that the statements from McGirt to West would <u>not</u> be testimonial.[5] Defendant therefore argues for exclusion under general hearsay principles. The government responds by citing the exceptions of (1) "excited utterance" under Rule 803(2) F.R.Evid., (2) dying declaration and (3) forfeiture by wrongdoing. The court made the same ruling as it did regarding the first motion in limine, overruling the motion pending the trial and placing the burden on the prosecutor to lay the proper foundation and allowing defense counsel opportunity to first object.

Defendant's third motion in limine deals with statements by McGirt to medical personnel that "Dave Magnan or Magnum" shot her. This statement was not made later in

---

[4]Besides stating that "Dave Montana" shot her, McGirt evidently said that Montana was upset with Howard because Howard had told Montana that Montana was not welcome at Howard's house and that Howard was shot three times and died, while Karen Wolf died instantly. As defendant notes, it is unclear how McGirt would know about the circumstances of Howard's death, which took place in another room.

[5]Defendant asserts that West's statements to the OSBI, by contrast, <u>are</u> testimonial, which the government does not appear to dispute. "Statements taken by police officers in the course of interrogations are . . . testimonial under even a narrow standard." *Crawford,* 541 U.S. at 52.

3

the hospital but soon after the shooting. The defendant seems to concede that the statement to treating medical personnel is not testimonial, but again seeks exclusion under hearsay rules. The government reiterates the same exceptions already cited, and also argues that the exception for "statement made for medical diagnosis or treatment" under Rule 803(4) F.R.Evid. is applicable. On the latter argument, defendant responds that the question "Who shot you?" is not reasonably pertinent to the purpose of treatment or diagnosis. The court made the same ruling as to the first two motions in limine. A proper foundation must be first laid for any hearsay exception and defense counsel must be given an opportunity to interpose an objection before a substantive question is asked which seeks to elicit the statements. The third motion in limine is overruled pending trial.

Defendant's fourth (#44) and sixth (#46) motions in limine were conceded by the government and are granted. The government will not introduce evidence regarding defendant's "post-*Miranda* silence" and the government will not leave any evidence on "permanent display" before the jury.

Defendant's fifth motion in limine seeks to exclude his prior plea of guilty and any statements made during the plea. Defendant pled guilty to these same charges in state court. His direct appeal was denied. The appeal of his §2254 motion was granted by the Tenth Circuit, finding that "the State of Oklahoma lacked jurisdiction over the crimes." *Magnan,* 719 F.3d at 1164. The government seeks to use the plea colloquy and the state trial court's acceptance of the plea in this federal prosecution.

4

Defendant contends this is not permissible under Rule 410 F.R.Evid. While noting that the Rule refers in pertinent part to "a guilty plea that was later <u>withdrawn</u>," defendant argues that a guilty plea set aside by an appellate court should be treated as a withdrawn plea, citing 23 Wright & Graham, <u>Federal Practice and Procedure</u> §5343 at 360 (1980). The rationale of the treatise is that "the decision to set aside the plea would be almost a meaningless gesture if the plea could be used against the defendant as an admission in the ensuing trial." *Id.* (footnote omitted). In response, the government has cited various cases, which seem to deal with the admission of a guilty plea in a subsequent collateral criminal trial. Here, the guilty plea is sought to be used regarding essentially the same charges.

At the hearing, the government basically argued that the guilty plea and the plea colloquy in state court stand untouched as statements made by the defendant under oath. That is, the Tenth Circuit opinion did not "set aside" the plea in the treatise's sense (such as by finding it unknowing or involuntary) but merely held that the colloquy took place in the wrong forum, one without jurisdiction. This is not an unreasonable position, but the court (finding it a close question) declines to adopt it.

Until the Tenth Circuit entered its decision, defendant stood guilty of murder based upon his plea. After the Tenth Circuit decision, he stands before this court presumed innocent of the charges. The Tenth Circuit held that the state court lacked jurisdiction. Consequently, (in retrospect) it lacked power to conduct any proceedings involving the defendant. It lacked power to ask the defendant questions (and receive answers) to

5

substantiate a guilty plea that it lacked power to take.⁶ Again in retrospect, the defendant's guilty plea should not even exist. Thus, the Tenth Circuit decision did "set aside" the guilty plea and this court will apply the treatise's rationale.

As an alternative argument, the government requested that it be allowed to use the guilty plea and plea colloquy in rebuttal or cross-examination, under the appropriate circumstances. This court tentatively ruled that they could be used, but only if the defendant took the stand and denied the charges. Defense counsel objected, citing Rule 410(b) F.R.Evid. as to the plea's limited admissibility. The court at the time declined to adopt this argument. The court's reasoning was as follows: strictly speaking, the defendant's plea was not withdrawn; therefore, strictly speaking, Rule 410 does not apply. Rather, this court was treating (1) the defendant's filing and appeal of his §2254 motion and (2) the Tenth Circuit's opinion as a "constructive withdrawal" of defendant's guilty plea, and applying Rule 410 by analogy only. Under these unusual circumstances, the court found that the government is entitled to use defendant's prior statements under oath to impeach the defendant (or in rebuttal) should he take the stand.⁷

---

⁶"[A]n order or judgment entered by a court without subject matter jurisdiction is a nullity." *South Carolina Dept. of Disabilities and Special Needs v. Hoover Universal, Inc.,* 535 F.3d 300, 303 (4th Cir.2008).

⁷The government also asked to use the plea colloquy on rebuttal or in cross-examination as to any witness who presented "reverse 404(b) evidence." The court tentatively denied that request but was considering it further. Essentially, the government's position is that if the defendant presents a defense in this case, he has thereby "opened the door" to admission of the plea colloquy, a position which potentially nullifies the court's substantive ruling.

Upon further reflection, the court is reconsidering this tentative ruling. Even if Rule 410 is only being applied by analogy, there should be a strong basis before departing from its strictures. The previously-cited treatise states that "Rule 410 should bar the use of pleas and plea related statements for impeachment." Wright & Graham, §5349 at 416 (footnote omitted). *See also United States v. Acosta-Ballardo,* 8 F.3d 1532, 1535 (10th Cir.1993). At this time, the court is contemplating barring any use of the plea, even on rebuttal or cross-examination.

The defendant's seventh motion in limine seeks to exclude statements by Eric Coley in an OSBI interview. The government conceded the motion as to specific statements, such as that defendant "tried to assault [Karen Wolf's] daughter once." The government maintained, however, that general evidence as to the relationship of the parties is relevant to motive, intent and lack of mistake. The court agreed and overruled the motion.

The defendant's eighth motion in limine sought to limit the type and number of photos to be admitted into evidence or shown to the jury. The government responded that the motion was premature because the parties had not yet met to review proposed evidence. The court granted the motion and directed the parties to confer and provide a notice to the court by April 25, 2014.

Finally, defendant provided a notice of potential "reverse 404(b) evidence" (#48) and the government responded with a motion for more definite statement (#60) as to that evidence. From the discussion at the hearing, the court deemed that motion (which was not

7

inappropriately docketed as a response rather than a motion) moot. The government has now been provided with specificity as to the evidence in question. Admissibility of any of the evidence would be determined by the court at the time it was offered at trial.

It is the order of the court that the motions in limine of the defendant (#41-#43) are hereby overruled, subject to the conditions described above. Motions in limine of the defendant (##44-46) are granted as described above. Defendant's motion in limine (#47) is overruled as described above. Defendant's motion in limine (#50) is granted as described above.

**ORDERED THIS 25th DAY OF APRIL, 2014.**

**Dated this 25th day of April, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma