# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-13-069-RAW |
| | ) | |
| DAVID BRIAN MAGNAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter came on for motion hearing on October 8, 2015. The court ruled on various matters, and the purpose of this order is to memorialize those rulings. The defendant registered no objection to the government notices of intent to offer expert witness ##98, 99 and 101. The defendant did object to government notice #100, involving firearm expert Terrence Higgs, as reflected in defendant's motion to limit or bar opinion (#107). The motion was overruled, with the proviso that the expert may only testify (with appropriate support) that the bullet came from the suspect gun "to within a reasonable degree of certainty in the firearms examination field." *See United States v. Taylor,* 663 F.Supp.2d 1170, 1180 (D.N.M.2009). The court exercised its discretion not to hold a formal *Daubert* hearing. *See United States v. Charley,* 189 F.3d 1251, 1266 (10th Cir.1999).

The court sustained defendant's oral objection to the government's notice of impeachable conviction (#103). Should the defendant take the witness stand and the conviction becomes pertinent to an issue of credibility (e.g., if defendant denies any acts of violence in his background), the issue may be revisited.

The government's motion in limine to take judicial notice of Indian country jurisdiction (#105) is granted. More than a matter of judicial notice, it is binding precedent in this case. *See Magnan v. Trammell,* 719 F.3d 1159, 1160 (10th Cir.2013). As to the government's notice of submission of electronic media exhibits (#112), the defendant's objection was overruled. Statements made to police concerning an ongoing emergency are not testimonial. *Michigan v. Bryant,* 562 U.S. 344, 349 (2011). Thus, in this instance, they are admissible as an excited utterance.

The government's motion of intention to offer intrinsic evidence or in the alternative Rule 404(b) evidence (#106) was also granted without objection.

Finally, as to the government's motion for evidentiary hearing and pretrial ruling on admissibility of McGirt statements (#104), the court finds that the statements of McGirt to medical personnel are admissible under the following exceptions: excited utterance, statement made for medical diagnosis, and dying declaration. As to the statement made to Carolyn West, the court found that it was admissible as an excited utterance. The government stated that it would not seek to introduce the third statement referenced in its motion, i.e., the hospital interview of McGirt by an OSBI agent.

**ORDERED THIS 13th DAY OF OCTOBER, 2015.**

**Dated this 13th day of October, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma